IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-08-347 |
| | * | |
| WILLIAM RICHARD COURSEY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending is William Richard Coursey's pro se "motion requesting compassionate release to reduce petitioner's sentence for extraordinary and compelling reasons," which the court construes as pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF 255). Coursey requests compassionate release on the basis of his history of hypertension and increased vulnerability to COVID-19, as well as his desire to help care for his family.

The court is not persuaded that Coursey's history of hypertension rises to the level of an "extraordinary and compelling reason" warranting a sentence reduction within the meaning of § 3582(c)(1)(A)(i).[1] The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated June 25, 2020). The CDC distinguishes between those conditions where

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).

1

someone "[is] at increased risk" (e.g., obesity), and those where someone "might be at an increased risk" (e.g., asthma). *Id*. Hypertension is in the latter group. *Id*. Because Coursey's only underlying health condition is hypertension,[2] the court is not at this time persuaded that Coursey's possible risk of severe illness related to COVID-19 is "extraordinary and compelling."[3]

While the court appreciates Coursey's desire to care for his family and especially his daughter, this also does not constitute an extraordinary and compelling reason for a sentence reduction. In some circumstances, caregiver-related reasons for compassionate release are "extraordinary and compelling," such as where the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(C). That is not the case here, where there is no allegation that Coursey is the only available caregiver for his daughter.

For the reasons explained above, Coursey's motion for compassionate release (ECF 255) is DENIED.

So Ordered this   20th   day of July, 2020.

                                                             /S/
                                           Catherine C. Blake
                                           United States District Judge

---

[2] The court notes that Coursey provides no medical or other documentation supporting his claim that he suffers from hypertension.

[3] The court takes seriously Coursey's claim that he was recently exposed to COVID-19 by a correctional officer who was not wearing a mask. (ECF 255 at 5–6). But at this time, and without more information about the alleged incident, the court does not find this to be a basis for compassionate release. To the extent that Coursey seeks to bring a claim against this officer for "deliberate indifference," (*see id*.), such a claim is not properly presented in a motion for compassionate release.